[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The defendants, Weatherstone Corporation, Henry R. Kravis and Caroline Kravis have moved to dismiss an action brought by the plaintiffs, Cypriano Muniz and Mercedes Muniz. The defendants, Henry R. Kravis and Caroline Roehm (Kravis) were served in accordance with Connecticut General Statutes § 52-59 and the defendant Weatherstone Corporation was served in accordance with Connecticut General Statutes § 33-411.
On June 28, 1994, the plaintiffs filed suit against the defendants by service of the writ, summons and complaint upon the Secretary of State and each defendant by certified mail, return receipt requested. The writ, summons and complaint were filed with this court on July 14, 1994. CT Page 10501
Deputy Sheriff Mark A. Pesiri, prepared the return of service which stated that "then and there" (June 24, 1994), Sheriff Pesiri made service in compliance with C.G.S. §§ 52-59b(c) and 33-411.
Pursuant to C.G.S. § 52-59b(c), a non-resident individual may be served by a sheriff leaving with the Secretary of State's office ". . . a true and attested copy thereof, and by sending to the defendant . . . by registered or certified mail, . . . a like true and attested copy." C.G.S. § 52-59b(c).
In the return of service dated June 28, 1994 (attached hereto), Deputy Sheriff Pesiri states that on said date, he left ". . . true and attested copy of the original Writ, Summons and Complaint, for each defendant, in the office of the Secretary of State of the State of Connecticut," and sent ". . . true and attested copy of the original Writ, Summons and Complaint with any doings thereon endorsed, by Certified Mail, Return Receipt, addressed to HENRY R. KRAVIS . . . and . . . CAROLINE KRAVIS . . . ." (Emphasis added).
The defendant's argument that service is voidable is unfounded. The defendants' argument that the return did not indicate a true and attested copy of the process was sent to the defendants by certified/registered mail is unfounded as the return clearly stated such requirement was met. All the requirements under § 52-59b(c) were met by the initial return which sets forth that the individual defendants were served by "Certified Mail, Return Receipt": in accordance with § 52-59b(c).
The defendants also assert that the return "is silent as to whether true and attested copies of the Writ, Summons and Complaint were sent by the Sheriff to the individual defendants via Certified or Registered Mail." (Defendants' memorandum at pp. 3-4). However, the return clearly stated that the defendants were sent "a true and attested copy(ies) of the original Writ, Summons and Complaint . . . by Certified Mail, Return Receipt. . ."
Therefore as the plaintiffs have served the CT Page 10502 defendants in accordance with C.G.S. § 52-59b(c), the defendant's motion to dismiss must be denied.
Service of process may be made upon a foreign corporation by serving the Secretary of State. General Statute § 33-411 provides in part as follows:
 . . . If it appears from the records of the secretary of the state that such corporation has failed to maintain such agent for service of process, or if it appears by affidavit attached to the process, notice or demand of the officer or other person directed to serve any process, notice or demand upon such corporation's agent appearing on the records of the secretary of the state that such agent cannot, with reasonable diligence, be found at the address shown on such records, service of such process, notice or demand on such corporation may be made by such officer or other proper person by: (A) Leaving a true and attested copy thereof, together with the required fee, at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office, and (B) depositiong [depositing] in the United States mails, by registered or certified mail, postage prepaid, a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at the address of its executive offices at last shown on the records of the secretary of the state or at such other address as has been designated as provided in subsection (b) of section 33-300. . . .
The defendant contends that the return is "silent as to whether a Certified or Registered Mailing occurred, and if it did occur, when, and to whom." The return specifically states:
 ". . . on the same day (June 28, 1994), service was made upon WEATHERSTONE CORPORATION CT Page 10503 pursuant to C.G.S. § 33-411 by leaving a true and attested copy of the original Writ, Summons and Complaint . . . in the office of the Secretary of State of the State of Connecticut . . . by sending a true, and attested copy of the original Writ, Summons and Complaint . . . by Certified Mail, Return Receipt, addressed to WEATHERSTONE CORPORATION c/o Kohlberg, Kravis and Roberts at 9 West 57th Street, New York, N.Y. 10019."
See attached Return.
Because the return specifies that there was a certified mailing on June 28, 1994 to WEATHERSTONE CORPORATION, and because a copy of the original writ, summons, and complaint was provided to the Secretary of State and to the corporate defendant, service was proper under C.G.S. § 33-411 and the defendant's motion to dismiss must be denied.
All defendants were properly served as indicated in the return of service, pursuant to C.G.S. § 52-59b and § 33-411. The defendants' motion to dismiss is denied for the reasons set forth herein.
PICKETT, J.
 EXHIBIT MARK A. PESIRI DEPUTY SHERIFF FAIRFIELD COUNTY P.O. BOX 373 STAMFORD, CONNECTICUT 06904-0373 TEL. (203) 323-6127 FAX (203) 325-2512
STATE OF CONNECTICUT )) SS: STAMFORD JUNE 28, 1994 COUNTY OF FAIRFIELD )
Then and there, by virtue hereof, I made service of the within and foregoing original Writ, Summons Complaint upon HENRY R. KRAVIS and CAROLINE KRAVIS pursuant to C.G.S. 52-596(c) by leaving a true and attested copy of the original Writ, Summons Complaint, for each defendant, in the office of the Secretary of State of the State of Connecticut with the fee of $25.00, for each defendant, and by sending a true and attested copy of the original Writ, Summons Complaint, CT Page 10504 with doings thereon endorsed, by certified mail, return receipt addressed to HENRY R. KRAVIS c/o Kohlberg, Kravis Roberts at 9 West 57th Street, New York, Ny 10019 and addressed to CAROLINE KRAVIS c/o Kohlberg, Kravis Roberts at 9 west 57th Street, New York, Ny 10019.
And later, on the same day, service was made upon WETHERSTONE CORPORATION pursuant to C.G.S. 33-411 by leaving a true and attested copy of the original Writ, Summons Complaint (along with a diligent search affidavit) in the office of the Secretary off State of the State of Connecticut the fee of $25.00 and by sending a true and attested copy of the original Writ, Summons Complaint, with my doings thereon endorsed, by certified mail, return receipt, addressed to WETHERSTONE CORPORATION c/o Kohlberg, Kravis Roberts at 9 West 57th Street, New York, Ny 10019.
The within and foregoing is the original Writ, Summons 
Complaint with my doings hereon endorsed.
SHERIFF'S FEES ATTEST
Service .............. $ 70.00 Travel ............... 55.44 Copies ............... 100.00 ------------------ Secretary of State ... 75.00 MARK A. PESIRI Postage .............. 7.56 Deputy Sheriff Endorsements ......... 5.00 Fairfield County -------- TOTAL ......... $ 314.00